IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TITORIAN MOORE, SR**, *et al.*, : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Case No. 5:25-cv-493-TES-CHW |
| : | |
| **SHERIFF DAVID DAVIS**, *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER

Plaintiffs Titorian Moore, Sr., Keith V. Jackson, and Willie Bigby have filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff Moore has also filed a motion for leave to proceed *in forma pauperis* that explains that he is indigent, although all Plaintiffs appear to have signed this document. ECF No. 2 at 4. Each of the Plaintiffs is incarcerated in the Bibb County Law Enforcement Center. Plaintiffs raise claims concerning the handling of their legal mail at that facility. *See, e.g.*, ECF No. 1 at 14-15.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for paying this Court's filing fee.

28 U.S.C. § 1915(b).[1]  The Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee.  Instead, each prisoner must file his own lawsuit and pay the full filing fee.  *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and approving its finding "that each plaintiff had to file a separate complaint and pay a separate filing fee").  As the Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits.  *Id.* at 1197-98.  Plaintiffs are thus not permitted to join together to proceed *in forma pauperis* in this action.

Plaintiffs also suggest they would like to bring this case as "a class action suit" since "multiple pretrial detainees are experiencing the same issues."  ECF No. 1 at 9.  But none of the individual *pro se* Plaintiffs may bring a claim as a class action on behalf of any of the other Plaintiffs.  *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (rejecting claim that "*pro se in forma pauperis* litigant may bring a class action § 1983 complaint" because it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action" (quoting

---

[1] A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

*Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 809 (11th Cir. 2015) (per curiam) (affirming dismissal where *pro se* litigant repeatedly ignored court's warning that class-action claims required counsel). This same general principle also prevents any *pro se* Plaintiff in this case from seeking relief on behalf of any other Plaintiff in this action. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).[2]

For these reasons—and because it does not appear Plaintiffs' claims would be barred by the applicable statute of limitations if they are required to refile them—the Complaint is **DISMISSED WITHOUT PREJUDICE** and the pending motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED as moot.** Each Plaintiff may file a separate complaint, in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*, which must include a certified copy of the Plaintiff's prison trust fund account statement if the Plaintiff is currently incarcerated. The Clerk is **DIRECTED** to mail each Plaintiff a copy of the appropriate complaint and *in forma pauperis* forms that he should use if he decides to file his own lawsuit.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

4

**SO ORDERED**, this 16th day of December, 2025.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III**  
**UNITED STATES DISTRICT JUDGE**